UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VALERIE A DAWYDIAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEMASYS INC.,<br><br>　　　　Defendant. | Case No. 26-cv-01630-LB<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 15 |

**INTRODUCTION**

The plaintiff in this employment-discrimination case sued Femasys, Inc., asserting claims for fraud, breach of contract, intentional infliction of emotional distress, and discrimination in violation of the California Fair Employment and Housing Act. Femasys moved to compel arbitration based on the employee agreement the plaintiff signed, which incorporates the American Arbitration Association (AAA) Commercial Arbitration Rules and includes (1) a delegation clause delegating issues of arbitrability to the arbitrator, (2) an arbitration clause with a damages cap and injunctive-relief carve out, and (3) provisions requiring the application of Georgia substantive law and venue in Atlanta, Georgia. The parties dispute (1) whether the delegation clause is clear and unmistakable, (2) whether the scope of the delegation clause covers issues of enforceability, (3) whether the above provisions render the delegation clause unconscionable, and (4) if so, whether those provisions are severable.

ORDER – No. 26-cv-01630-LB

The delegation clause is clear and covers the parties' disputes. While the choice-of-law, venue, and damage-cap provisions are unconscionable, they are severable. The court compels arbitration.

## STATEMENT

In February 2024, the plaintiff, a California resident, was recruited by Femasys, a Georgia company, to work remotely as a Partner Development Director.[1] On April 12, 2024, the plaintiff received an offer letter stating that her "[e]mployment is contingent upon . . . execution of an employment agreement containing, as applicable, standard non-competition, non-solicitation, and confidentiality restrictions. This letter sets forth all agreements concerning your employment with Femasys and supersedes all other discussions, oral or written."[2] The letter also stated that after her first year of employment, Femasys could increase or decrease her compensation at its discretion. The plaintiff requested an amendment to the offer letter clarifying that these increases or decreases applied to her variable compensation, not her salary. Femasys made that change. The plaintiff resigned from her previous position, which paid $350,000 in salary, and signed the offer letter on April 15, 2024.[3]

On April 30, 2024, Femasys sent the plaintiff an email attaching the employment agreement and stating, "Please do not hesitate to contact me if you have any questions."[4] The employment agreement contains a delegation clause stating that "[a]ll controversies, claims, issues and other disputes arising out of or relating to this Agreement or a breach of this Agreement (collectively, the "Disputes") shall be subject to the applicable provisions of this Section." The arbitration provision states that

> All Disputes shall be settled by binding arbitration in Atlanta, Georgia in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Any disagreement as to whether a particular Dispute is subject to

[1] Compl. – ECF No. 1-1 at 11 (¶¶ 2–3), 13 (¶¶ 10–11); Pl.'s Decl. – ECF No. 17-1 at 1–2 (¶¶ 2, 4). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Offer Letter & Emails, Ex. A to Mot. – ECF No. 15-1 at 2.

[3] *Id.* at 2–5.

[4] Email, Ex. B to Mot. – ECF No. 15-2 at 2.

ORDER – No. 26-cv-01630-LB                    2

arbitration under this Section shall be decided by arbitration in accordance with the provisions of this Section. Judgment upon any award rendered by the arbitrator in any such arbitration may be entered in any court having jurisdiction thereof. The arbitrator(s) shall have the power to grant all legal and equitable relief and remedies and award compensatory damages as provided for by law but shall not award any damages other than, or in excess of, compensatory damages. Nothing contained herein shall prohibit or restrict either party's right to seek equitable relief from a court including, without limitation, injunctive relief.[5]

Femasys did not provide the plaintiff with a copy of the AAA Commercial Arbitration Rules.[6] The next subsection waives the right to a jury trial and consents to state and federal jurisdiction in Atlanta, Georgia.[7] The employee agreement states that it "shall be interpreted, construed and governed according to the laws of the State of Georgia, without regard to its conflicts of law principles."[8] The plaintiff signed the employment agreement and began working for Femasys on May 1, 2024.[9]

The court has diversity jurisdiction. 28 U.S.C. § 1332(a). The parties consented to magistrate-judge jurisdiction.[10] *Id.* § 636(c)(1). The court can decide the motion without oral argument. Civil L.R. 7-1(b).

### ANALYSIS

Under the Federal Arbitration Act (FAA), "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 67 (2019) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Further, "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy," "so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Id.* at 67–68 (cleaned up); *Nelson v. Dual Diagnosis Treatment Ctr.,*

[5] Employment Agreement, Ex. B to Mot. – ECF No. 15-2 at 10 (§ 13(a)).

[6] Pl.'s Decl. – ECF No. 17-1 at 4 (¶ 14).

[7] Employment Agreement, Ex. B to Mot. – ECF No. 15-2 at 10 (§ 13(b)).

[8] *Id.* at 14 (§ 19(i)).

[9] Compl. – ECF No. 1-1 at 13 (¶ 11); Pl.'s Decl. – ECF No. 17-1 at 4 (¶ 16).

[10] Consents – ECF Nos. 8, 10.

United States District Court
Northern District of California

*Inc.*, 77 Cal. App. 5th 643, 654 (2022) ("[I]t is presumed the judge will decide arbitrability, unless there is clear and unmistakable evidence the parties intended the arbitrator to decide arbitrability."). "[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein*, 586 U.S. at 69 (citing 9 U.S.C. § 2). "But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Id.*

The parties dispute (1) whether there was a clear and unmistakable delegation of gateway issues, (2) whether the scope of the delegation provision covers the disputed issues, and (3) whether the delegation clause and arbitration agreement are unconscionable.

### 1.  Clear and Unmistakable

Femasys asserts that the plain language of the delegation provision combined with its referencing the AAA Commercial Rules makes a clear and unmistakable agreement to delegate gateway issues.[11] The plaintiff responds that reference to AAA rules alone is not clear and unmistakable where the plaintiff is unsophisticated and unrepresented.[12] Femasys replies that the plaintiff's thirty years of experience "in commercial device, diagnostic, surgical sales, women's health, and robotics" undercuts her argument that she is unsophisticated.[13]

The parties have clearly and unmistakably agreed to delegate gateway issues to the arbitrator. Under *Brennan v. Opus Bank*, "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." 796 F.3d 1125, 1130 (9th Cir. 2015). While it remains an open question whether this holding applies equally to unsophisticated parties, the plaintiff has not cited any authority supporting that, as a person with thirty years of experience selling medical equipment, she is unsophisticated. *Id.* at 1130–31. The plaintiff cites *Ajamian v. CantorCO2e, L.P.*, as supporting her position, but that case does not appear to assess

---

[11] Mot. – ECF No. 14 at 6–7.

[12] Opp'n – ECF No. 17 at 14–15.

[13] Reply – ECF No. 24 at 4–5.

United States District Court
Northern District of California

the sophistication of the plaintiff in deciding whether there was a clear and unmistakable delegation to the arbitrator, relying instead on the clarity of the provision itself.[14] 203 Cal. App. 4th 771 (2012). Thus, the incorporation of the AAA rules is sufficient under these circumstances to clearly and unmistakably establish the parties' intent to delegate issues of arbitrability.

## 2. Scope of the Delegation Clause

The plaintiff contends that the delegation clause covers disputes about scope but not challenges to enforceability.[15] Femasys responds that the issue of whether a dispute is subject to arbitration necessarily encompasses the question of unconscionability because an unconscionable agreement is unenforceable.[16]

The delegation clause covers "[a]ny disagreement as to whether a particular Dispute is subject to arbitration." "Disputes" are defined as "[a]ll controversies, claims, issues and other disputes arising out of or relating to this Agreement or a breach of this Agreement."[17] This language is broad, and the parties' disagreeing about the conscionability of the agreement is a controversy arising out of the agreement that is subject to the delegation clause.

## 3. Unconscionability

If the parties agreed to delegate questions of arbitrability to the arbitrator, then the only question for a court "is whether the particular agreement *to delegate* arbitrability . . . is itself unconscionable." *Brennan*, 796 F.3d at 1132 (citing *Rent-A-Ctr.*, 561 U.S. at 63). Arguments that the arbitration provisions as a whole are unconscionable or otherwise unenforceable are for the arbitrator, not the court, to decide. *Cf. id.* at 1133 ("[S]ince [plaintiff] failed to 'make any arguments

---

[14] The plaintiff cites *Ajamian* as stating that "[w]e doubt that any — much less all — of the employees signing the agreement would have understood that the reference to AAA rules in paragraph 21 meant that they were giving up their right to a court determination of whether the [arbitration agreement] was unconscionable," but this quote does not appear in *Ajamian* or any case that the court could find. 203 Cal. App. 4th 771 (2012); Opp'n – ECF No. 17 at 14–15.

[15] Opp'n – ECF No. 17 at 15–16.

[16] Reply – ECF No. 24 at 5.

[17] Employment Agreement, Ex. B to Mot. – ECF No. 15-2 at 10 (§ 13).

ORDER – No. 26-cv-01630-LB          5

specific to the delegation provision' and instead argue[s] 'that the Arbitration Clause as a whole is unconscionable under state law,' 'we need not consider that claim,' because it is for the arbitrator to decide in light of the parties' 'clear and unmistakable' delegation of that question, as we held above." (cleaned up) (quoting *Rent-a-Ctr.*, 561 U.S. at 73–75)).

Femasys seemingly concedes that all of the plaintiff's arguments about the unconscionability of the arbitration agreement apply equally to the delegation clause by grouping its arguments for both together.[18]

The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). "Under California law, 'the party opposing arbitration bears the burden of proving any defense, such as unconscionability.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).

In California, contractual unconscionability has procedural and substantive components. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). "[T]he former focus[es] on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Id.* (cleaned up). "Procedural and substantive unconscionability 'need not be present in the same degree.'" *Poublon*, 846 F.3d at 1260 (citing *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015)). "Rather, there is a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Armendariz*, 24 Cal. 4th at 114).

### 3.1    Procedural Unconscionability

Procedural unconscionability focuses on the circumstances surrounding the negotiation of the contract. *Gatton v. T–Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007). "Oppression arises

---

[18] Reply – ECF No. 24 at 6–11.

from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Bruni v. Didion*, 160 Cal. App. 4th 1272, 1288 (2008) (cleaned up). "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.* (cleaned up).

The plaintiff contends that the delegation clause is procedurally unconscionable due to (1) economic duress, (2) surprise, (3) adhesion, and (4) Femasys's failing to provide a copy of the applicable AAA rules. Femasys refutes these points.

Overall, the delegation clause has minimal procedural unconscionability. First, the plaintiff has not shown that she meets the requirements of economic duress. "Economic duress can excuse an innocent party's contractual obligations when the other contracting party does a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1119 (9th Cir. 2018) (cleaned up). The elements of economic duress are "(1) a sufficiently coercive wrongful act on the part of the defendant; (2) no reasonable alternative on the part of the plaintiff; (3) knowledge of the plaintiff's economic vulnerability; and (4) actual inducement to contract." *Tanner v. Kaiser Found. Health Plan, Inc.*, No. C 15-02763-SBA, 2016 WL 4076116, at *4 (N.D. Cal. Aug. 1, 2016). The plaintiff does not assert that she was economically vulnerable or that Femasys was aware of any alleged vulnerability.[19]

Second, the level of surprise is minimal. The plaintiff asserts that the arbitration agreement is embedded in a longer arbitration provision and points to the fact that she received the arbitration agreement the day before her start date and after the offer letter had made no mention of an arbitration agreement.[20] Femasys counters that there was no surprise because there was no deadline for her to sign the documents, allowing her time to consult with an attorney and negotiate terms.[21]

---

[19] Opp'n – ECF No. 17 at 19.

[20] *Id.* at 16, 19.

[21] Reply – ECF No. 24 at 6–7.

Waiting until the day before the plaintiff's start date to provide her with the arbitration agreement creates some surprise. But the late timing of receiving the arbitration agreement is at least partially mitigated by the fact that there was no deadline to complete it, and Femasys invited the plaintiff to discuss the agreement if she had questions. The plaintiff demonstrated that she knew how to negotiate terms by seeking to amend the offer letter, and Femasys showed that it was open to negotiation by accepting her revision.[22] The layout of the arbitration agreement does not contribute to any surprise: the agreement is ten pages, the arbitration provisions are less than one page, and the section headings and subsections are bold and underlined.[23] The plaintiff cites *Davis v. Kozak* as support for finding surprise here, but the *Davis* court instead concluded that there was only a "low degree of procedural unconscionability." 53 Cal. App. 5th 897, 907–10 (2020).

Third, the plaintiff cites *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227 (2016) and *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436 (2020) as supporting that Femasys's failing to provide the AAA Commercial Rules with the arbitration agreement contributes to procedural unconscionability.[24] But those cases are distinguishable. In *Carbajal*, the court found procedural unconscionability because the agreement incorporated AAA rules without identifying which set of rules. 245 Cal. App. 4th at 244–47. In *Lange*, the court stated that "Monster's failure to attach [the arbitration] rules [did] not bear on the arbitration agreement's procedural unconscionability." 46 Cal. App. 5th at 447. Here, the arbitration agreement identifies the rules that it incorporates, and Femasys has mitigated concerns about the unconscionability of the AAA Commercial Arbitration Rules by agreeing to pay arbitration costs.[25] Thus, failing to provide the plaintiff with a copy of the rules does not indicate procedural unconscionability.

Finally, the plaintiff contends that the employment agreement was adhesive because it was presented on a take-it-or-leave-it basis. As discussed above, this point is undercut by the fact that the plaintiff successfully negotiated an amendment to the offer letter. Even assuming that the

---

[22] Offer Letter & Emails, Ex. A to Mot. – ECF No. 15-1 at 2–5.

[23] Employment Agreement, Ex. B to Mot. – ECF No. 15-2 at 5–15.

[24] Opp'n – ECF No. 17 at 19–20.

[25] *See infra*, § 3.2 Substantive Unconscionability.

United States District Court
Northern District of California

United States District Court
Northern District of California

contract is adhesive, it "indicates only a low degree of procedural unconscionability." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 494 (2024).

Taking these circumstances together, the plaintiff has only established a minimal amount of procedural unconscionability in the delegation clause. While the plaintiff had less bargaining power as an employee, she had the ability to negotiate the agreement and no deadline for signing.

### 3.2    Substantive Unconscionability

The plaintiff asserts that the delegation clause is substantively unconscionable because it incorporates (1) the arbitration agreement's Atlanta-venue and Georgia-law provisions in violation of Cal. Lab. Code § 925(a) (prohibiting an employer from depriving an employee who lives and works in California of the "substantive protection of California law" or requiring them to "adjudicate outside of California" for claims claim arising in California), (2) a damages-cap provision preventing punitive damages, and (3) the AAA Commercial Arbitration Rules.[26] Femasys concedes that the damages cap is unconscionable and responds that (1) whether the choice-of-law and venue provisions are void under § 925 is for the arbitrator to decide and (2) Femasys's willingness to pay the costs of arbitration negates any unconscionability from incorporating the AAA Commercial Arbitration Rules.[27]

First, the plaintiff's argument about Cal. Lab. Code § 925 is persuasive. While the delegation clause arguably is comprised solely of the first sentence in the arbitration section, it necessarily incorporates the venue and choice-of-law provisions, which are void under § 925.[28] Femasys did not engage with the plaintiff's argument that § 925 renders the delegation clause itself unconscionable, instead arguing that deciding whether § 925 applies has been delegated to the arbitrator.[29] The cases Femasys cites in support are unpersuasive because they do not address the same argument that the plaintiff here advances: that Femasys "cannot use a delegation clause to

---

[26] Opp'n – ECF No. 17 at 17–22.

[27] Reply – ECF No. 24 at 9–11. The parties' dispute about the injunctive-relief carve out does not appear to relate to the delegation clause and, thus, is reserved for the arbitrator. Even if the court were to find it unconscionable, the injunctive-relief provision is severable. *See infra*, § 3.3 Severability.

[28] Opp'n – ECF No. 17 at 16 (making this point).

[29] Reply – ECF No. 24 at 9.

enforce in arbitration the very forum and choice-of-law provisions § 925 forbids." *See Ervin v. Amazon.com Servs. LLC*, No 2:24-cv-10311-ODW (KSx), 2025 WL 1591967, at *6 (C.D. Cal. June 5, 2025) ("Ervin makes no mention of the DSP Agreement's delegation provision in his opposition brief."); *Smith v. Nerium Int'l, LLC*, No. SACV 18-01088JVS(PLAx), 2019 WL 7195330, at *6 (C.D. Cal. Sep. 10, 2019); *Ratajesak v. New Prime, Inc.*, No. SA CV 18-9396-DOC (AGRx), 2019 WL 1771659, at *6 (C.D. Cal. Mar. 20, 2019). Thus, the venue and choice-of-law provisions are unconscionable in light of Cal. Lab. Code § 925.

Second, the plaintiff contends that Femasys's adopting the AAA Commercial Rules is unconscionable because this is an employment dispute, the Commercial Rules do not guarantee the same favorable fee schedule for employees as the Employment Rules, and Femasys's promising to pay arbitration costs is not binding and does not cure unconscionability.[30] Femasys responds that any potential unconscionability is mitigated by its promising to pay the costs of arbitration.[31]

The agreement's incorporating the AAA Commercial Rules is not unconscionable.

The plaintiff cites *Murrey v. Superior Court* as supporting that the application of the Commercial Rules in an employment dispute is a meaningful factor supporting substantive unconscionability. 87 Cal. App. 5th 1223 (2023). But that is not what *Murrey* says. The court in *Murrey* determined that an arbitration agreement was unconscionable where it incorporated only part of the AAA's discovery rules, causing the plaintiff to "likely have to expend unnecessary time, effort, and money litigating discovery with [the defendant] because the governing procedures were confusing." *Id.* at 1248–50. *Murrey* is distinguishable from this case because the arbitration agreement in the plaintiff's agreement does not incorporate only part of the AAA's rules.

Regarding the fee schedule, the Ninth Circuit has indicated that an employer may take an arbitration agreement — originally unconscionable because it requires an employee to bear half the cost of arbitration — and render it non-unconscionable by agreeing to bear the full cost of arbitration. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1212 (9th Cir. 2016). The plaintiff cites

---

[30] Opp'n – ECF No. 17 at 20–21.

[31] Reply – ECF No. 24 at 10–11.

no authority saying otherwise.[32] Thus, Femasys's promise to pay the costs of arbitration mitigates unconscionability.

### 3.3    Severability

The question then is whether to sever the problematic terms from the delegation clause and enforce it or deem the entire clause unenforceable. The decision to sever is in the trial court's discretion. *Armendariz*, 24 Cal. 4th at 121–22; *Newton v. Am. Debt Servs., Inc.*, 549 F. App'x 692, 695 (9th Cir. 2013). The "overarching inquiry is whether the interests of justice . . . would be furthered by severance." *Armendariz*, 24 Cal. 4th at 124 (cleaned up).

Other courts have determined that severance is appropriate in similar circumstances.[33] *See Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 431–33 (N.D. Cal. 2018) (forum-selection clause, choice-of-law clause, attorney's-fees provision, and cost-splitting provision were all "easily severable"); *Pope v. Sonatype, Inc.*, No. 5:15–cv–00956–RMW, 2015 WL 2174033, at *6–7 (N.D. Cal. Aug. 27, 2015) (severing an injunctive-relief carve out, a forum-selection clause, and an attorney's-fees clause); *Grabowski v. Robinson*, 817 F. Supp. 2d 1159, 1179 (S.D. Cal. 2011) (severing injunctive relief, confidentiality, and attorney's-fees provisions).

The plaintiff cites *Magno v. College Network, Inc.* as an example where a court found that severing multiple unconscionable terms weighed against severance when they could only be remedied by rewriting the parties' agreement. 1 Cal. App. 5th 277, 292 (2016). But the unconscionable provisions at issue in this case are easily severable. *See id.* (the forum-selection clause "may be easy to sever").

The court severs the forum-selection, choice-of-law, and damage-cap provisions. Without any other substantively unconscionable provision, the remaining provisions are enforceable.

---

[32] While the plaintiff cites *Hoover v. Am. Income Life Ins. Co.* for the proposition that "informal post-hoc concessions cannot rewrite an unconscionable agreement," this citation does not make that point. 206 Cal. App. 4th 1193, 1204–05 (2012) (discussing waiver of the right to arbitrate); Opp'n – ECF No. 17 at 21.

[33] Reply – ECF No. 24 at 11–12.

# CONCLUSION

The court severs the offending provisions, compels arbitration, and stays the case pending arbitration. *Smith v. Spizziri*, 601 U.S. 472, 474, 476–78 (2024) (per curiam) (requiring stay). This resolves ECF No. 15.

**IT IS SO ORDERED.**

Dated: June 20, 2026

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 26-cv-01630-LB                    12